[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On February 10, 1999, the plaintiff, Jose Perez, Administrator of the Estate of Carmen Apolinar Martinez Ruiz, filed a one count complaint against the defendant, Earthgro, Inc., arising out of the alleged wrongful death of the decedent. The complaint alleges that the decedent was employed by the defendant at its industrial facility, located at Route 207, Industrial Park Road, Lebanon, Connecticut. The complaint further alleges that the decedent was killed when he was working under a steel roller to thaw out frozen parts with a heat gun, and became entangled between the steel roller and a conveyor belt.
On May 24, 1999, the defendant filed a motion to strike the plaintiff's complaint and a memorandum of law in support. The plaintiff filed a motion in opposition along with a supporting memorandum of law on June 23, 1999.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any [complaint] . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.) Peter-Michael, Inc. v. Sea ShellAssociates, 244 Conn. 269, 270, 709 A.2d 558 (1998). The court "must take as true the facts alleged in the plaintiff's complaint and must construe the complaint in the manner most favorable to sustaining its legal sufficiency." (Internal quotation marks omitted.) Id. "[I]f facts provable in the complaint would support a cause of action, the motion to strike must be denied." PamelaB. v. Ment, 244 Conn. 296, 308, 709 A.2d 1089 (1998).
The defendant argues that under the exclusivity provisions of the Workers' Compensation Act, General Statutes § 31-284 (a), an employer cannot be held liable for damages on account of personal injury sustained by an employee when said injury arises out of, and in the course of, his employment. As such, the defendant argues that the plaintiff's complaint fails to allege any cause CT Page 11202 of action which would not be barred by the exclusivity provisions of § 31-284 (a). The plaintiff argues in opposition that he has pled facts consistent with the recognized exceptions to the exclusivity provision, thereby stating a legally sufficient cause of action.
General Statutes § 3 1-284 (a) provides in relevant part: "An employer . . . shall not be liable for any action for damages on account of personal injury sustained by an employee arising out of and in the course of his employment or on account of death resulting from personal injury so sustained . . . . All rights and claims between an employer . . . and employees, or any representatives or dependents of such employees, arising out of personal injury or death sustained in the course of employment are abolished other than rights and claims given by this chapter. . . ." General Statutes § 3 1-284 (a). The Connecticut Supreme Court has "interpreted the exclusivity provision of the [Workers' Compensation] [A]ct . . . as a total bar to common law actions brought by employees against employers for job related injuries with one narrow exception that exists when the employer has committed an intentional tort or where the employer has engaged in wilful or serious misconduct." Suarez v. DickmontPlastics Corp. , 229 Conn. 99, 106, 639 A.2d 507 (1994), rev'd on other grounds, 242 Conn. 255, 698 A.2d 838 (1997). In this regard, the Connecticut Supreme Court has stated that "intent refers to the consequences of an act . . . [and] denote[s] that the actor desires to cause [the] consequences of his act, or that he believes that the consequences are substantially certain to follow from it. . . . A result is intended if the act is done forthe purpose of accomplishing such a result or with knowledge that to a substantial certainty such a result will ensue." (Emphasis in original; internal quotation marks omitted.) Suarez v.Dickmont Plastics Corp. , 242 Conn. 255, 279, 698 A.2d 838 (1997).
"Therefore, to escape the exclusivity of the act, the victim of an intentional injury must rely on the intended tort theory or the substantial certainty theory. Under the former, the actor must have intended both the act itself and the injurious consequences of the act. Under the latter, the actor must have intended the act and have known that the injury was substantially certain to occur from the act." Id., 280.
In the present case, it is agreed that the plaintiff is seeking damages under the substantial certainty theory. At issue is whether the plaintiff has properly alleged a cause of action CT Page 11203 to satisfy the substantial certainty theory. The defendant alleges that by pleading facts that the defendant "knew or shouldhave known," the plaintiff has impermissibly expanded the substantial certainty theory as set forth in Suarez v. DickmontPlastics. Corp. , supra, 242 Conn. 280. As such, the defendant argues that the plaintiff's complaint fails to state a legally cognizable cause of action.
The defendant fails to note that in Suarez v. DickmontPlastics Corp. , supra, 242 Conn. 255, the plaintiff's complaint used language substantially similar to the language presently before this court. In that case, the court noted a portion of the plaintiff's third amended complaint which expressly alleged "wilful, serious and intentional misconduct of [the defendant] . . . which the defendant knew or should have known
was substantially certain to cause injury to the plaintiff or other employees." (Emphasis added.) Id., 262-63 n. 5. Although the Court reversed the judgment of the trial court, that decision was unrelated to the use of the phrase "or should have known" in the plaintiff's complaint.
Although there are no Connecticut Appellate Court or Superior Court decisions specifically on point, judges of the Superior Court have allowed plaintiffs to allege workplace injuries under the substantial certainty theory based upon what the defendant knew or should have known. See Williams v. Chemfix ofMassachusetts, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 310130 (August 28, 1998, Mottolese, J.) (denying the defendant's motion for summary judgment on other grounds and permitting the plaintiff to allege that the defendant "knew or should have known that the plaintiff's injuries were substantially certain to occur due to the defendant's wilful misconduct"); Langer v. Hoffman Fuel Comnany, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 157960 (September 4, 1997, D'Andrea, J.) (denying the defendant's motion to strike and finding that the plaintiff alleged facts sufficient to establish that the defendant's conduct was substantially certain to result in injury and that the defendant "knew or should have known" of the potential for injury); Anulisv. Saks Fifth Avenue, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 152860 (January 7, 1997, Lewis, J.) (denying the defendant's motion to strike and finding that the plaintiff alleged facts sufficient to establish that the defendant's conduct was substantially certain to result injury, where the plaintiff expressly plead that his employer "knew or CT Page 11204 should have known that if he performed certain work as directed there was a substantial certainty that he would be injured");Wilbanks v. Tony March Buick, Inc. Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 539422 (February 15, 1995, Schimelman, J.) (denying the defendant's motion to strike where the plaintiff alleged that the "[d]efendant knew, or should have known, that it was substantially certain that [an] accident and [p]laintiff's injuries would occur").
The only issue before this court is whether or not the plaintiff's complaint states a legally sufficient cause of action. The plaintiff is not expanding the scope of the substantial certainty theory standard simply by incorporating the additional language referring to what the defendant "should have known" in his complaint. Since the court "must construe the complaint in the manner most favorable to sustaining its legal sufficiency"; Pamela B. v. Ment, supra, 244 Conn. 308; the defendant's motion to strike must be denied.
Martin, J.